Good morning to day one of a four-day sitting here in Atlanta. Judges Grant and Abudula and I are happy to see all of you. Happy holidays to all of you. I know this is exactly how you had hoped your pre-holiday month would culminate. We have four cases this morning and just before we get started a few preliminaries. One, please know that we have read your briefs, the underlying cases, the relevant portions of the record. So we would ask that when you get to the podium you don't waste your own time with a bunch of factual and procedural ramp up, not necessary. Just get straight to the heart of the issue. Number two, most of you I think will understand the traffic lighting system. Green go, yellow slow, red please stop. For better or worse, I'm not the kind of guy who can stop you mid-syllable. No trap door is going to open and you're going to fall through. But I would ask that you begin to wrap up and if you see me, my body language, please try to read it and know that you're over time and that you should conclude. All right. With that, let's call the first thing. Mr. Young, you're up first, correct? And you've reserved three minutes for rebuttal. Thank you, Your Honors. Credibility determinations are the exclusive province of the jury. Rule 8034's plain text does not suggest otherwise. But when the district court applied Rule 8034, it faced its rulings on whether her statements were, quote, reliable. This, in this context, is essentially a credibility finding that should have been reserved for the jury. This Court should thus vacate Ms. Keegan's guilty plea and remand for two reasons. First, the district court applied the wrong legal standard by engrafting an atextual requirement onto 8034. And second, the conditional plea agreement and Rule 11 preclude harmless error review, which is impossible to do in any event, given the nature of conditional pleas. So I'd like to start with the 8034 problem and emphasize a few cases and then turn to the harmless error issue. First, the 8034 legal error. As a preliminary housekeeping matter, the district court's 8034 reasoning did have different pillars to it, and we attacked each of those pillars in our initial brief. But the only part of the district court's reasoning that the government is now defending on appeal is the district court's reliability reasoning. And so that's why I focused the reply brief and this argument solely on that portion. The two or three best cases that we have to support the argument we're making today is this. I'm going to stop you and ask you, instead of the cases, the text of the rule that you're relying on, right? Yeah. So a statement that is made for and is reasonably pertinent to medical diagnosis or treatment. And as I understand it, Dr. Reynolds said, I was asked to review documentation and more fully assess Ms. Keegan's experiences of potential domestic abuse and to evaluate the impacts of her husband's abuse on her development, behavior, and functioning. And then there is an ellipsis in your brief, but after the quote that was left out of the ellipsis was, as they relate to her current legal charges. That's a pretty important thing to elide from the text, isn't it? I believe, I think the part that I quote is, I thought it was paragraph 12 of her report. And the... I'm looking at the blue brief at page 19, note 2. Okay. But my point is, even if you could read this rule broadly enough, as broadly as you propose, it doesn't seem that your own witness thought that they were evaluating her for medical treatment. It seems that they thought that they were evaluating her to see how her experience related to her legal charges, which is very different in my mind. I respectfully disagree. So the quote that I would emphasize is on page 20, the remainder of that footnote in the brief. So this is paragraph 12 of her report. And she says, the report will also describe how these traumatic experiences negatively impacted and affected Ms. Keegan's developmental trajectory and subsequent mental health. So let me ask you a question. You just said in response to Judge Grant's question, I respectfully disagree. Do you disagree with her as a matter of fact that the evaluation was sought at least in part for use in litigation? Or do you disagree as a matter of law that that doesn't matter, even if it was sought in part for use in litigation, doesn't matter because you've got a particular reading of the rule? Which of those two things is it? Thank you for the clarification. It's the latter. So I agree with the facts that Judge Grant stated. But as a matter of law, the part that I quoted shows that Dr. Reynolds was asked to assess these statements in order to analyze the impact on, quote, subsequent mental health. And there's no denying, she was absolutely hired for the purposes of testifying in front of a jury. There is no question about that, and we stand behind that. But I would argue that under the law and the persuasive decisions of several other circuits, the fact that an expert, a medical expert, is hired solely for the purpose of testifying in trial and for providing a medical diagnosis to explain to a jury, those are not mutually exclusive motives. And if you look at the advisory committee notes, which the circuit has held does deserve some great weight, the purpose of the rule was in 1972, was to abolish the artificial distinction between doctors who are hired to testify at trial and doctors who were not hired to testify at trial. What about the fact, there wasn't any discussion of this in either side's brief, but what about the fact that Rule 703 was later amended to put the jury in the position of making the exact same analysis that these advisory committee notes, not the rule, but the advisory committee notes, seem to suggest juries wouldn't be able to make? Isn't there an important tension there? There is, Your Honor. And I actually think that is why the Rule 803-4 was created in 1972. So I believe in the advisory committee notes of Rule 703. Our position has been, we admit, Rule 703 I don't think allows the underlying facts of an expert opinion to come in for the truth. The way I'm reading it, it only comes in to help the jury understand the — assess the credibility of the expert. But I think what your question is hitting on is at that tension. I think most human beings have a hard time making that distinction. And that's — Well, I think that's what the advisory committee notes to 803 from 1972 suggests. But Rule 703 later suggests that the commission made just the opposite conclusion, right? And the advisory committee notes are not — even if we give them weight, they're not binding, right? I think — and I'm not — I don't know — I'm not sure, Your Honor. I don't know how to answer the 703 advisory note question. I can't do that right now. But I will say, if we go back to the text of both, I think they are both harmonizable. Rule 703 solely deals with, do we allow underlying facts to come in to help the jury understand the expert's opinion? And then Rule 803-4 in this context says, when it's a medical doctor, those facts do come in. And then we trust juries to do what they've been doing for centuries, which is assess the credibility of those statements, including hearsay statements. But nothing — nothing in the text of 803, I think, gets at what you're suggesting. I think the text of 803 is completely consistent with what courts did for a long time, both under the common law and under the federal rules, which was consider what I think is pretty self-evident, that statements made when you're really only seeking medical treatment have strong indicia of reliability that allow us to consider those hearsay exceptions, whereas it's a little bit more concerning, I think, to say that if you, years later, go to a doctor for the specific purpose of getting a report for litigation, that juries can understand that there's a difference between the trustworthiness of those statements and the trustworthiness of statements when you're in the emergency room for the first time, say. I would respectfully disagree as a matter of law, or what I'm hearing as a matter of  I think that is a — that is a forceful public policy concern. But with respect, I don't think the text of 803.4 addresses that, and it's not for judges to impart their public policy concerns and graft them into the text. And I'll point to some other textual clues. What your argument — what Your Honor just said right now is an excellent argument that the government can make in closing to a jury. That is a credibility argument. I would point to the second — Right, but the hearsay — the point — the point is that for her to get these statements in under this hearsay exception means that she doesn't have to get up and testify, right? And so it's not just about the credibility of those statements. It's about the complete loss of any opportunity to question her about them, to engage in the normal back-and-forth of a trial and of a witness, which is different than just the jury can evaluate or not these statements. I would actually point, Your Honor, to Rule 806, which explicitly addresses the situation where you're dealing with impeaching out-of-court statements. It says that you can impeach an out-of-court statement with inconsistent conduct or inconsistent statements even if that person didn't have a chance to explain them. And the government is more than welcome to do that with the jury. And I would also note that Congress — or I know it's a little more complicated than that, but Congress ratifies rules. Congress knows exactly how to address Your Honor's concern. Rule 803-6, 803-7, Rule 803-8 all say that the judge has to do a preliminary assessment to look at the — look for indicia of trustworthiness. I'm not quoting exactly. Trustworthiness is issued. Of course, we have Rule 702, which is a reliability thing for experts. Congress knows how to ask the district court to temporarily step into the role of a jury, assess a little bit, you know, is this really something that should go through, and let it in. They know how to do that. 803-4 doesn't do that. I thought that you were complaining about the fact that the judge seems to have done that here. I thought that that was one of your citations of error, that the judge looked at whether these statements were trustworthy. Correct. That is the citation of error. And Rule 803-4, unlike those other rules I just said, do not allow the district court to do that kind of analysis. Tell me where in the text it says that any statements made for an expert report are automatically hearsay exceptions. The text is broad. It says made for medical diagnosis. Expert reports, when you ask an expert to give a medical diagnosis, those statements you make are made for medical diagnosis. It's a broad text. It makes no distinction between experts who are testifying at trial and experts who don't. So could anyone who's getting a medical diagnosis give a soliloquy to the doctor about their view of the events behind the case, and so long as they're in there in some sense for medical diagnosis, that's automatically admitted? Under 803-4, yes, but we also have 403 as a backstop. We have four circuits that we cite that have apparently allowed this process to happen for decades, and the sky hasn't fallen in those districts. We have a recent amendment to Rule 106 that recently clarified that, quote, unquote, self-serving hearsay can come in in certain circumstances. The rules know how to address these situations. They know how to amend the text, and I see that my time is up. I think Judge Abudu has a question before I finish. Thank you. Yeah, I want to just kind of skip to the relief you're seeking, and in this instance, it does seem that perhaps she didn't have an opportunity for herself to present the evidence that I think what Judge Grand is indicating could have otherwise come in through the expert, but nevertheless, it does appear that there was significant evidence that she took a lot of these photographs without being instructed by her husband, that she exercised a lot of agency even in their intimate relationships, and therefore, this argument that she was under duress or some kind of harm was really undermined by the other evidence presented to support the conviction. How do you address that, and how do you explain why in this conditional plea context we should completely vacate the conviction? Two reasons, Your Honor. Number one, that is what Rule 11 and the text of the conditional plea agreement says. If the government — if the district court errs on the specific issue raised by the government's motion in Lemonet, then she gets to vacate her guilty. That is the term of the conditional plea agreement. We construe them like a contract, and they — and we fulfill the terms of the contract by demonstrating legal error. It goes back down. Second, I would push back on Your Honor's suggestion. We don't have a complete trial record. We don't know whether she was going to testify or not. The defendant can make — change her mind 700 times before it's time to decide whether she wants to testify. We have a complete, incomplete trial record. Normally, you have this complete mosaic of what happened at trial and a jury verdict of guilty. Here, we don't have a jury verdict of guilty. The defense didn't even finish presenting the case, and so we would be engaging in rampant speculation to say what could have come in, what couldn't have come in. It is not either legally appropriate or fair to think about what the evidence would have looked like because we have an incomplete trial record. Thank you very much. You've got your full three minutes of rebuttal. Ms. Singh, let's hear from you. May it please the Court, Shanelle Singh for the United States asking the Court to affirm the judgment. First, I'd like to say as an initial matter, the statements of Ms. Keegan here that are an issue, they were — or the Court ruled that they should be admitted at trial. But not for the truth, right? Not for substance. Yes, Your Honor. Not for substantive purposes. And I think the Court was well within its discretion not to admit them for substantive purposes. Can you deal with what I'll call the plain language argument that your opponent is making? I mean, 803 sets up pretty categorically the following. Excluded by the rule against hearsay, sub 4, a statement that is made for and is reasonably pertinent to medical diagnosis or treatment. It seems to me, as he says, pretty broad, that so long as the statements are made in pursuit of a medical diagnosis, which as a matter of fact, I think here they were, they're not excludable under the hearsay rule. And it doesn't really matter, per the rule, the purpose of the medical diagnosis. We might think that the medical diagnosis ought to be in pursuit of treatment, but the rule doesn't say that. Well, in terms, if Your Honor's question going towards whether the expert was hired for trial or simply was for her treating doctor, yes, the rule doesn't say that. But the rule does say that the statement has to be for the purposes of diagnosis or treatment. Or treatment, right? Diagnosis or treatment. Yes, Your Honor. Exactly. But you still have to look at the motive of the declarant's statement. Where does that come from? Just so I'm clear. Yes, Your Honor. It says for the purposes of diagnosis or treatment in several courts, one of which is Morgan that was cited by both parties in the brief that the district court specifically relied on its reasoning. It says that part of the test is to determine whether the declarant had a motive to make true statements for diagnosis or treatment. And the Eighth Circuit has also echoed that in United States v. Gabe and in Iron Shell. So do you deny then as a matter of fact that she made these statements for the purpose of obtaining a medical diagnosis? Full stop. Like, let's just talk about that and then we can talk about her underlying subsidiary purpose for getting the medical diagnosis. But do you dispute that she made statements for the purpose of obtaining a medical diagnosis? Well, Your Honor, I don't dispute that a diagnosis was made here and that was the purpose of the expert being hired. But I do dispute that her statements were made for the purposes of diagnosis or treatment because I think that to determine whether the statements were made for diagnosis or treatment, you do look at the motive of the declarant. And that's what the district court did here. And that was not an abuse of discretion. But do you mean, I guess when you say you look to the motive, do you mean you look to what I'll call the immediate motive, which is to obtain the diagnosis for whatever purposes, or the ultimate motive, which is how will I use this diagnosis? Well, I think, Your Honor, it's her frame of mind. How will I use this diagnosis? And I think the court has specifically said that in the Eighth Circuit where you do look at the declarant's frame of mind to determine whether these statements are made for diagnosis or treatment. That's what the district court did here. And I think the district court was well within its discretion. Again, the district court admitted these statements. So the jury was going to have these statements of Ms. Keegan. But the district court specifically said that statements such as these, when they come through an expert, they can have a highly prejudicial view, especially dealing with the emotional nature of the statements that Ms. Keegan made to her expert, Dr. Reynolds. And I don't think that was an abuse of discretion. But to get... But would you agree that the statements, whether or not they should have come in, were absolutely critical to her defense, played an underlying or was the foundation for her entering into the conditional plea? And therefore, if we do find that the district court abused its discretion, vacating her conviction is the proper relief? No, I don't think that vacating her conviction is the proper relief if the district court abused its discretion, because this issue is subject to harmless error review. And I think all the evidence at trial refutes this defense that Ms. Keegan was going to put up, that she produced these photographs for her husband because... Well, on the other side is arguing we're just engaging in speculation because there was no trial. And so there was no opportunity to put on a full defense. And the primary defense that she was going to put up, the district court didn't allow it. Well, I would say, Your Honor, that that argument is contrary to this court's precedent. This court applies... Which precedent? Your Honor, the government cited United States v. Delaney. But there is a stronger case that I would like to reference that isn't in the government's briefs. But I did provide a copy to Mr. Young. That's United States v. Ryan. And the case site for that is 289 F. 3rd 690. And there, the defendants pled guilty. And they had, after they were denied their motion to suppress, and then they appealed that issue, the 11th Circuit, this court, in that specific case, applied harmless error review to that Fourth Amendment issue and affirmed the judgment below. That's what happened in this case. And I think that case... Would there be any incentive for future defendants to enter into a conditional guilty plea if reversal or abuse of discretion for whatever that ruling was meant that we would still do harmless error? I don't see how that's... Even if it's in the government's interest here, I don't see how it's in the government's interest more broadly to have that be the policy. Because if I'm a defendant, then I'm just not going to do it. Well, Your Honor, I think in this case, to answer that question, firstly, it's this court's precedent. But assuming putting that to the side for a minute to answer Your Honor's question. So it is the government's position that it's subject to harmless error review consistent with this court's precedent. But I think in this case, no, that wouldn't disincentivize defendants from taking a plea. Mr. or excuse me, Ms. Keegan asked to preserve this specific issue three different times. And that was her specific desire. First time was at the end of her evidence at trial. And that's at page 125 of 268 of the record, where they specifically told the court that they wanted to preserve this issue. They said it again at the plea colloquy. And that's at pages 21 to 22 of document 269. And then at sentencing again, they said that they wanted to preserve this issue. But even assuming Ms. Keegan is correct, that only case dispositive issues are what apply to conditional pleas. The Fifth Circuit said in United States v. Wise, and it goes to the plain text of the rule as well, that any variance from Rule 11 is subject to harmless error. And that's in Rule 11H. Can I ask you a question about the text? I think the text of the plea agreement itself. Yes. So it says that she can withdraw her guilty plea if she seeks appellate review of the court's ruling on the government's motion in limine to exclude inadmissible hearsay, right? And prevails upon appeal on that issue, right? So that issue is the district court's resolution of your motion in limine, correct? I think the issue is this court's resolution of the district court's ruling. Well, she seeks appellate review of the district court's ruling on the government's motion in limine, right? So we're trying to figure out whether the district court got that motion in limine right. That's the issue before us, right? It seems to me from a harmless error perspective that it's, in some ways, we're asked to sort of time travel back to the time that the district court made this ruling. Did it, in that moment, make the right ruling or the wrong ruling? And in that moment, there was no sort of like harmless error analysis to be had, right? At that point, the defendant has put on no witnesses, right? This came before the defense even started its case. Do you see my point? I mean, like if we're asked to sort of decide at a discrete point in time whether the district court made the right ruling or the wrong ruling, and that issue is the one that's preserved in the plea agreement, why would we subject that to harmless error? It just sort of seems like we've been given an exam question. Did the district court get that right or wrong? That's the issue that she preserved in the conditional plea agreement. Why is that wrong? I think that's wrong. If you go to the plea agreement itself in the text of what's promised, it says in the event that the defendant prevails on appeal on that issue. On appeal, this issue is subject to harmless error review. Well, so now we're just kind of in an infinite loop or something, right? I mean, I guess I'm suggesting that perhaps by virtue of the text of the conditional plea agreement, this is a little different. And that issue is the correctness or incorrectness of the district court's determination of that motion. And there's nothing in the plea agreement itself that would suggest this is subject to harmless error. And so your argument is simply that, well, it does say sort of the Eleventh Circuit's review of that motion. And by definition, the Eleventh Circuit's review always sort of makes in harmless error. And I guess I'm just wondering whether the conditional plea agreement in this case is a little different. I don't think it's a little different in this case, Your Honor, especially because their defenses that their trial would have shown Ms. Keegan was subject to this abuse, like Judge Abudu hinted in her question. And the evidence at trial, even if the defendant didn't complete its evidence, the government did complete its evidence. So there's sufficient evidence in the record to show that that defense is not only not supported, but refuted. So you don't think the government's case could get weaker or more, less sufficient and eventually insufficient by virtue of the defendant's full presentation of her defense? I don't think so. Not in this case, Your Honor, especially because of the evidence that showed, like Judge Abudu hinted, that she was actually engaging as a mutual participant in this case. For example, government's Exhibit 17 showed that she was initiating communication with her husband from whom she was separated at the time. I actually agree, but there's a reason that we have juries. There's a reason that we don't just, the three of us, look at every set of evidence each time and decide what we think. And I will say I've looked up the U.S. v. Ryan case you cited, and a problem with bringing cases to our attention at the oral argument and said beforehand is that we don't have time to look at them carefully. And here, although it does appear that they considered a harmless error analysis, it doesn't appear that anyone raised any problem with that issue. So I don't think it's at all fair to say that our precedent demands that we do a harmless error analysis even for a conditional guilty plea. It's just they did it there and no one raised a problem with it. What's your response to that? Well, I would say, Your Honor, that if we go to the advisory committee rules that Ms. Keegan was relying on, it says that it would be arguably impossible if the government's case is not complete. Here, the government's case was complete and it specifically refutes that. So I do think that for finality, if we're going to policy reasons, finality of convictions are important. And so I think that the court should continue with its precedent of applying harmless error review even in this case. Well, your case is not complete when the defendant enters into a plea because, again, if you had a trial, then the government might indeed have to address evidence that it hadn't fully contemplated. So I'm not sure about that. And then in terms of the conditional plea, I do see a challenge because it seems on appeal, we would go through at least two steps. Was there error? Was it harmless? But to Judge Newsome's, I don't know, point or maybe just recitation of the conditional plea, it seems like the plea only contemplates step one. And if she's successful on step one, it goes back. Again, Your Honor, I don't think that the plea specifically contemplated that. It doesn't talk about which standards of review are applicable. It just says if she prevails. So if we're looking at the plain text of the rule. But I don't think that the court abused its discretion in this case. I think it was well within the court's discretion, especially since this court hasn't specifically ruled on the application and relied on the reasoning of several cases. It specifically said which case that it relied on. And that court specifically said that you look at the motive of the declarant's statements for truth. And the other evidence in the case didn't support that Ms. Keegan was relaying these statements to her expert for the purposes of diagnosis or treatment. So I think there was no abusive discretion in this case. Again, because it was coming through the expert, the court certainly didn't abuse its discretion in only giving the limiting instruction. Because the jury was going to hear that case. Or excuse me, hear the statements. And then even, I think we said earlier that the jurors can't usually distinguish between that difference. But so I think it was well within the court's discretion to allow the statements to come in. Again, the statements did come in. So they would have heard Ms. Keegan's statements of abuse. But I don't think the court abused its discretion in balancing the probative value over the prejudice and allowing it to come in, but only for not substantive purposes. That sounds a lot like a 403 argument. Do you agree that that's a 403 argument? Well, Your Honor, the record supports that. Yes or no, is that a 403 argument? I think it's a balancing test in the 703, or in the Rule 703. So is that a no? I would say no, it's a reverse 403. But that becomes semantics. So whether you call it 403 or 703 balancing test, I think it's the same balancing test. So yes or no, it's a 403 argument? I think if we look at the record, it's not. But I don't think it matters how we label it. So no? No, I don't think it's a 403 argument. Okay, thank you. I'll have to say, I don't see how you can read the record here and think that the district court didn't make a 403, like an alternative 403-based ruling. I mean, the language of the district court's recitation tracks 403 in every jot and tittle. You know, it uses the probative value of substantially outweighed by unfair and undue prejudice. It hits every sort of item that 403 details confusion, trial within a trial, prolong the case, prejudice. I don't see how you can say that was not an alternative 403 holding. Well, the reason I say that, Your Honor, for three reasons. First, none of the parties mentioned 403. The court didn't mention 403. And then the court didn't exclude the evidence. And I think 703 talks about the disclosure of information relied upon by the expert. And that's what we're dealing with here. And that also has a balancing test. But I think regardless, and I don't want to get dealt too much into confusing the issue, if you call, even if it was a 403, I think the court's balancing test was correct. All right, thank you very much. Mr. Young, you've got three minutes. Just a couple of points, Your Honor. First, if it was a 403 ruling, and I do think it was, the government's abandoned its defense of that reasoning. The district court conflated probity with reliability. I also want to take 30 seconds to respond to Judge Grant's very observant comments about the text of the expert report. Like I said, I disagree as a matter of law that it matters. But that kind of colloquy where we're parsing the expert report and having a debate about, oh, well, what was the real purpose, even if that is the standard and that's not, that wasn't the analysis the district court engaged in. If you look under the hood of the district court's analysis, it was just at least the only part of the government defense. It was just reliability through and through. It was not the kind of arguments that Judge Grant was making earlier. And that's why that was error as well. I did have at least three days' notice to look uprind, Your Honor's hearing for the first time. That case also didn't involve a conditional plea. And lastly, in terms of the conditional plea, I think this panel made a lot of arguments I was going to make. But just a quick reminder that the conditional plea agreement is a contract, and the government is the most sophisticated litigant in this court. So this, and this court has held that we construe plea agreements against the drafters. So this kind of highly legalistic parsing that my friend on the other side was making in terms of interpreting the plea agreement, Ms. Keegan should not be held to that interpretation, even if that interpretation were even arguable, which it is not. Unless this court has any other questions, I have one. Let's say that I am going to the store to buy stuff for dinner, right? And while I'm at the store, I also get a pack of gum. Does that mean that I went to the store to get gum? Or does that just mean that I added that on once I was already there for my true purpose? I would say the latter, Your Honor. Thank you. All right. Thank you very much.